# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JESSE A. DAUL,
      Plaintiff,

v.                                                     Case No. 18-C-513

AMIE MALCHOW,
      Defendant.

## DECISION AND ORDER

Pro se plaintiff Jesse Daul filed a complaint alleging that the defendant violated his civil rights. This order resolves plaintiff's motion to proceed without prepayment of the filing fee and screens his complaint.

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was incarcerated when he filed his complaint, although he has since been released. The PLRA gives courts discretion to allow plaintiffs to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the plaintiff pay an initial partial filing fee.

Plaintiff currently has more than ten cases pending before me. On April 30, 2018, plaintiff filed a letter in at least two other cases, asserting that he is unable to pay an initial partial filing fee. He explained that he is homeless and unemployed and is not receiving any assistance for food, housing, or transportation. Based on the information in that letter, I find that plaintiff has neither the means nor the assets to pay an initial partial filing fee, so I will waive the requirement that he pay one. I will grant plaintiff's

motion to proceed without prepayment of the filing fee, but he must pay the $350 filing fee, as he is able.

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that, in 2017, while he was on supervised release, he went to the Wisconsin Department of Workforce Development office where he had an "outburst." Docket No. 1 at 1. Plaintiff alleges that the defendant, who was working as a "security cop," falsified a statement about the outburst because "none of the witnesses of this outburst wanted to make a statement." *Id.* Plaintiff alleges that, as a result of the statement, he had to serve an additional thirteen months in prison.

Construing the complaint liberally, it appears to allege that the defendant was working for the Department of Workforce Development and therefore was acting under color of state law when she prepared the allegedly fabricated statement. Thus, I will allow the plaintiff to proceed on a due-process claim based on his allegation that the defendant deliberately falsified a statement, which resulted in his supervised release being revoked. *See, e.g.*, *Avery v. City of Milwaukee*, 847 F.3d 433, 439-40 (7th Cir. 2017).

**THEREFORE**, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff must pay the $350 filing fee as he is able. Plaintiff should forward payments to the clerk of court and clearly identify the payments by case name and number.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon defendant Amie Malchow pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not

made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that defendant Amie Malchow shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to the defendant. The defendant will be served electronically through the court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this 1st day of June, 2018.

                                       s/Lynn Adelman
                                       LYNN ADELMAN
                                       United States District Judge