# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JESSE AARON DAUL,**

    Plaintiff,

  v.                                                                                **Case No. 18-CV-513**

**AMIE MALCHOW,**

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Jesse Aaron Daul is proceeding on a due-process claim based on his allegation that defendant Amie Malchow deliberately falsified a written statement, which resulted in Daul's supervised released being revoked. (ECF No. 11.) On December 6, 2018, District Judge Lynn Adelman referred the case to this court for the handling of all pretrial matters. (ECF No. 22.) On March 4, 2019, Daul filed a motion asking the court to extend the discovery deadline. (ECF No. 23.) The court recommends that Judge Adelman deny the motion and dismiss this case without prejudice because Daul's claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

Daul alleges that, while he was on supervised release, he went to a state agency where he had an "outburst." (ECF No. 1 at 1.) Daul asserts that Malchow, who was working as a "security cop," falsified a statement about the outburst because "none of

the witnesses of this outburst wanted to make a statement." *Id*. Daul alleges that, as a result of the statement, he had to serve an additional thirteen months in prison. *Id*.

The Court of Appeals for the Seventh Circuit has "consistently held that a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the [criminal] defendant of [his] liberty in some way." *Avery v. City of Milwaukee*, 847 F.3d 433, 439 (7th Cir. 2017) (citations omitted). The due-process violation is not complete until the false evidence is introduced at trial and results in the conviction and imprisonment of the criminal defendant. *Id*. at 442.

When a § 1983 plaintiff alleges that a constitutional violation led to his conviction and imprisonment, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Johnson v. Winstead*, 900 F.3d 428, 435 (7th Cir. 2018) (quoting *Heck*, 512 U.S. at 487). The Seventh Circuit recently clarified that a claim seeking a civil remedy for trial-based constitutional violations that results in an allegedly wrongful conviction and imprisonment necessarily implies the invalidity of the conviction. *Id*. at 439. Accordingly, such a claim is under *Heck* neither cognizable nor does it accrue until the conviction has been overturned. *Id*.

Daul alleges that Malchow's false statement resulted in the revocation of his supervised release and a thirteen-month confinement. The alleged due-process

2

violation was not complete until the allegedly false statement was introduced at the revocation hearing and Daul's supervised release was revoked. If this court were to decide in Daul's favor, such a finding would necessarily imply the invalidity of the revocation decision. Thus, *Heck* requires that Daul's complaint be dismissed unless Daul can demonstrate that the revocation has been invalidated.

**IT IS THEREFORE RECOMMENDED** that this case be **DISMISSED without prejudice** because Daul's claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

**IT IS FURTHER RECOMMENDED** that Daul's motion for extension of time (ECF No. 23) be **DENIED as moot**.

Daul's attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), which allow Daul to file written objections to the court's recommendation within fourteen days of service of the recommendation. Daul's failure to timely file objections with the district court shall result in a waiver of his right to appeal.

Dated at Milwaukee, Wisconsin this 12th day of March, 2019.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge